IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD COLBERT,

    Plaintiff,

vs.

V. YAMUMOTO, et al.,

    Defendants.

CV F 04 6417 REC WMW P

<u>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND</u>

    Plaintiff is a state prisoner proceeding pro se in a civil action pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132.

    Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. <u>Pennsylvania Dept. of</u>

1

1  Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d
2  1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).
3        "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he]
4  is a qualified individual with a disability; (2) [he] was excluded from participation in or
5  otherwise discriminated against with regard to a public entity's services, programs, or activities;
6  and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at
7  1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is
8  handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or
9  services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap
10       Here, Plaintiff alleges that his hearing aid was destroyed by defendants during a
11 contraband search of his cell.  Plaintiff sought administrative relief, and was denied.  Plaintiff
12 alleges no other facts.  Plaintiff alleges no facts indicating that he was denied any benefit or
13 service, or that any such denial was on the basis of his disability.
14       Further, the term "public entity" is defined under Title II as any state or local
15 government or any department, agency, or other instrumentality of state or local government.  42
16 U.S.C. § 12131(1)(A), (B).  Individuals are not proper defendants under Title II of the ADA.
17 Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); Alsbrook v. City of Maumelle, 184 F.3d
18 999, 1005 n.8 (8th Cir. 1999); Montez v. Romer, 32 F. Supp. 2d 1235, 1240-41 (D. Colo. 1999)
19 (finding that individual liability does not exist under the ADA); see also Butler v. City of Prairie
20 Village, 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir.
21 1996); Gallo v. Bd. of Regents of the University of California, 916 F. Supp. 1005, 1009 (S.D.
22 Cal. 1995).  In the instant case, plaintiff's complaint does not specify whether defendants are
23 sued in their official or individual capacity.  Plaintiff alleges that the defendants engaged in
24 individual actions to violate his rights, therefore, the Court concludes that plaintiff brings action
25 against defendants in their individual capacities.  Because plaintiff cannot maintain an action
26

against individuals under Title II of the ADA, the claim must be dismissed.

The court must therefore dismiss the May 13, 2005, first amended complaint. Plaintiff will, however, be granted leave to file a second amended complaint. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   May 23, 2005**                              **/s/  William M. Wunderlich**
mmkd34                                                                 UNITED STATES MAGISTRATE JUDGE