IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD COLBERT,

    Plaintiff,

vs.

V. YAMAMOTO, et al.,

    Defendants.

CV F 04 6417 REC WMW P

FINDINGS AND RECOMMENDATION

Plaintiff is a state prisoner proceeding pro se in a civil action pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132. This action proceeds on the July 5, 2005, second amended complaint.[1]

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability,

---

[1] The second amended complaint is filed in response to an order dismissing the first amended complaint and granting plaintiff leave to amend. By this order, the court vacates the July 1, 2005, recommendation of dismissal for plaintiff's failure to file an amended complaint.

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 118 S.Ct. 1952, 1955 (1998); see also <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir. 1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." <u>Lovell</u>, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap

In the May 23, 2005 order dismissing the first amended complaint, plaintiff alleged that his hearing aid had been destroyed by defendants during a contraband search of his cell. Plaintiff sought administrative relief, and was denied. Plaintiff alleged no other facts. Plaintiff alleged no facts indicating that he was denied any benefit or service, or that any such denial was on the basis of his disability.

Plaintiff was further advised that the term "public entity" is defined under Title II as any state or local government or any department, agency, or other instrumentality of state or local government. 42 U.S.C. § 12131(1)(A), (B). Individuals are not proper defendants under Title II of the ADA. <u>Walker v. Snyder</u>, 213 F.3d 344, 346 (7th Cir. 2000); <u>Alsbrook v. City of Maumelle</u>, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); <u>Montez v. Romer</u>, 32 F. Supp. 2d 1235, 1240-41 (D. Colo. 1999) (finding that individual liability does not exist under the ADA); see also <u>Butler v. City of Prairie Village</u>, 172 F.3d 736, 744 (10th Cir. 1999); <u>Mason v. Stallings</u>, 82 F.3d 1007, 1009 (11th Cir. 1996); <u>Gallo v. Bd. of Regents of the University of California</u>, 916 F.

Supp. 1005, 1009 (S.D. Cal. 1995).

In the May 23, 2005, order dismissing the first amended complaint, plaintiff was specifically advised that he failed to allege facts sufficient to state a claim for relief as to his ADA claim. In the second amended complaint, plaintiff restates the facts of the first amended complaint. The crux of plaintiff's complaint is that he was deprived of his hearing aids. Such a deprivation, of itself, fails to satisfy the basic pleading requirement. There are no allegations that plaintiff was denied a benefit or service based upon his disability.

Plaintiff also claims, based upon the same allegations, that defendants' conduct constituted a violation of 42 U.S.C. § 1983. Plaintiff seeks damages for the hearing aid, as well as damages for emotional injury.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's sole claim in this action is the destruction of his hearing aids. Because California has an adequate post-deprivation remedy, Clark has no cognizable claim under § 1983 for the negligent or intentional deprivation of his property. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir.1994).

The court must therefore dismiss the second amended complaint. Because the court has advised plaintiff of the deficiencies and granted him an opportunity to correct them, the court recommends dismissal with prejudice for failure to state a federal claim upon which the court could grant relief. See <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 17, 2005**             /s/  **William M. Wunderlich**
mmkd34                                                UNITED STATES MAGISTRATE JUDGE